EDWARD C. TEPERMAN, Appellant, v. ATCOS BATHS, INC., Respondent. ATCOS BATHS, INC., Respondent, v. EDWARD C. TEPERMAN et al., Appellants.— Appeal from an order denying appellants' motion to consolidate an action at law brought by Edward C. Teperman for salary against respondent, in which he has demanded a trial by jury, with respondent's action in equity against appellants, an officer and a director of respondent, for an accounting by reason of their alleged waste and malfeasance, and for other relief. Order reversed, without costs, and motion remitted to the Special Term for further proceedings as indicated herein. The motion should be denied unless appellant Edward C. Teperman within 10 days after the entry of the order hereon stipulate to waive his right to a jury trial of his action for salary, in which event the motion for consolidation should be granted, with respondent having the right to open and close in the consolidated action and with the further right, if respondent be so advised, to demand a jury trial of the issues raised in the cause of action for salary prior to the trial of the issues raised in respondent's causes of action, which issues shall be tried before the Justice who heard the issues raised in the cause of action for salary It is our opinion that the issues in the two actions are substantially the same, and

consolidation would avoid duplicate trials, with possibly inconsistent results. It is also our opinion that delay of the trial for the brief period here involved would not be materially prejudicial to respondent under all the circumstances in this litigation. Respondent should have the right, if so advised, to have a jury trial of the issues raised in the cause of action for salary (*Walsh* v. *Sunny Bay Realty Co.*, 4 A D 2d 699; *Presto Plastic Prods. Co.* v. *Ball & Jewell*, 281 App. Div. 742). Respondent is entitled to open and close because of its greater diligence in prosecuting its action. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.